## WINSLOW and others vs. URQUHART.

REPLEVIN: DAMAGES. *Rights of original owner of logs sold on laborer's lien. (1) Legal rights of purchaser at lien sale; his damages in replevin. (2) Equitable remedy of original owner, not a party to the lien suit.*

1. Where the assignee of a valid judgment to enforce a laborer's lien upon logs, under the statute, bought the logs at an execution sale under the judgment, and the original owners, who were not parties to the lien suit, replevied the logs from him: *Held,* that such assignee and purchaser is entitled to recover in the replevin suit (in addition to damages for the taking) the full actual value of the logs, in case a delivery of them cannot be had, and not merely the amount of the lien judgment and costs.

[2. *It seems* that if the original owners, instead of bringing an action at law to recover the property, without offering to discharge the lien, had first tendered to the purchaser at the execution sale the amount bid, with interest, and such other sum as he might equitably be entitled to for the care and custody of the logs, and had then brought suit to redeem the property, and shown that they had acted promptly when informed of the proceedings to enforce the lien, equity might possibly have interfered even then in their behalf. But that question was not in this case.]

APPEAL from the Circuit Court for *Oconto* County.

Replevin, for saw-logs. The decision of this court upon a former appeal herein will be found in 39 Wis., 260. The present appeal was taken by the plaintiffs from a judgment

for the defendant. The questions presented by the record are thus stated by Mr. Justice TAYLOR, in his opinion as originally prepared:

"On the previous appeal, it was decided that the defendant had obtained a valid title to the logs in controversy, by purchase at an execution sale, upon a valid judgment rendered in favor of one Brooks, in an action commenced by him against one McCauley to enforce a laborer's lien upon the logs in controversy, under ch. 54, Laws of 1862, entitled, "An act providing for a lien for labor and services upon logs and lumber in certain counties;" and a judgment rendered in favor of the plaintiffs was reversed, and the cause remanded for a new trial, because the value of the logs in dispute had not been ascertained on the trial. The only question litigated upon the new trial in the circuit court was the amount which the defendant ought to recover as the value of the logs, in case a return of the property could not be had under the judgment in his favor. It was admitted that the real value of the logs, at the time they were replevied by the plaintiffs, was $600. It was also admitted that the defendant purchased the same upon the execution sale for the sum of $132.78; that he was the owner of the judgment in favor of *Brooks v. McCauley* at the time of the sale upon the execution issued thereon; and that the plaintiffs in this action were, previous to such sale, the owners of said logs, and were not made parties to, and did not appear in, the action of *Brooks v. McCauley*. Judgment was rendered in favor of the defendant for a return of the property, or the sum of $600, the value thereof, in case a return could not be had, and the sum of $169.80, damages for the taking and withholding of the same, with the costs of the action."

*W. H. Webster*, for the appellant, argued, 1. That the lien upon logs for labor, conferred by the statute, being a strictly personal right, not assignable *(Daubigny v. Duval*, 5 Durnf. & E., 604; *Pierson v. Tincker*, 36 Me., 384; *Caldwell v. Lawrence*, 10 Wis., 331), the assignment of the judgment in *Brooks v.*

*McCauley* to the defendant herein passed the title to the *personal* judgment only, and the logs could not properly be sold on the execution after such assignment, and defendant took no title by the sale. 2. That if that were otherwise, still, as the judgment was not binding on these plaintiffs; as they were not made parties to that suit and had no means of contesting the lien therein; as they had a legal right afterwards to contest the validity of the lien, notwithstanding that judgment, and there were grave reasons for so contesting it *(Munger v. Lenroot*, 32 Wis., 541; *Winslow v. Urquhart*, 39 id., 260); and as the defendant purchased with full knowledge of the facts — it ought to be held that he took title subject to redemption by the plaintiffs on payment of the amount actually paid for the logs at the execution sale, with interest; and that this was therefore the proper measure of defendant's recovery in this action, in case a return of the logs to him could not be had. Courts now determine the measure of damages in such cases upon equitable principles. *Sprague v. Brown*, 40 Wis., 612; *Rhoads v. Woods*, 41 Barb., 471; *Seaman v. Luce*, 23 id., 240; *Fitzhugh v. Wiman*, 9 N. Y., 559; *Warner v. Matthews*, 18 Ill., 83; *Noble v. Epperly*, 6 Ind., 468.

For the respondent, a brief was filed by *Hastings & Greene*, and there was oral argument by *Mr. Hastings*. They contended, 1. That, the existence and amount of the lien being established, the judgment and sale in the lien action are conclusive and binding upon these plaintiffs. 39 Wis., 260; 32 id., 541. 2. That a sale under such a judgment, therefore, gives as perfect a title as a sale under any other judgment. The owner of the property may protect himself by paying the amount of the lien before sale; but the statute neither expressly nor impliedly authorizes a redemption after the sale. 3. That where no unfair practice is used by the owner of a judgment, his purchase under his own execution stands on the same footing as that of a stranger. Herman on Ex., § 252; Freeman on Ex., § 292; *Ingram v. Belk*, 2 Strob., 207.

TAYLOR, J.   It is urged by the appellants that, as their property was sold to satisfy a judgment rendered in an action to which they were not parties, and in which they did not appear, for a debt which they did not contract, and for the payment of which they were not personally liable, they ought to be permitted to recover the same from the judgment creditor or his assigns, by paying the amount of the judgment, with costs; that if the law created a lien against their property, and permitted the party claiming such lien to enforce the same without notice to the owners, by judgment and execution, it ought, in justice, to allow the owner to discharge the lien by paying the amount thereof, if he offers to do so within a reasonable time, and before the rights of any party, other than the claimant of the lien or his assignee, have attached to such property.   This court, after mature deliberation, has decided that these laws intended for the protection of those whose labor constitutes the greater part of the value of this kind of property, are constitutional; that a sale upon a judgment rendered to enforce a claim for such labor, though rendered in an action to which the real owner of the property is not a party, and of which he has no actual notice, conveys a legal title to the purchaser and bars the real owner at law; and to that decision we are disposed to adhere.   *Paine v. Gill,* 13 Wis., 561; *Paine v. Woodworth,* 15 id., 298; *Griffith v. Smith,* 22 id., 646; *Munger v. Lenroot,* 32 id., 541; *Winslow v. Urquhart,* 39 id., 260.

There would be great force in the appellants' argument, if these plaintiffs, instead of bringing an action at law to recover their property, without discharging or offering to discharge the lien, had first tendered to the purchaser, under the execution, the amount bid, with interest, and such other sum as he might equitably be entitled to for the care and custody of the same; and then had come into court seeking to redeem their property from a lien which the law had justly placed thereon for the protection of those whose labor had added to its value,

JANUARY TERM, 1878.　　201

Palmer vs. The St. Paul F. & M. Ins. Co.

and had shown that they had acted promptly when informed of the proceedings to enforce such lien. It is possible that a court of equity would have interfered to prevent the sacrifice of their property, even after sale upon the execution issued to enforce the same.

These plaintiffs, having ignored any right, either legal or equitable, of the defendant, to the property they seek to recover in this action, must now stand upon their legal rights. And this court having, upon the former appeal, determined that the defendant had the legal title to the property in controversy, in the absence of any proof of fraud or unfair dealing on his part, he is entitled to recover against these parties, who have deprived him of his property, the same measure of damages that any other owner would be entitled to. The judgment was for the value agreed upon by the parties, and, as there is no complaint that the damages for the taking and detention are unjust, if the defendant is entitled to recover such value, there does not appear to be any error in the proceedings or judgment.

*By the Court.* — The judgment of the circuit court is affirmed.

Ryan, C. J., and Lyon, J., took no part.